UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

JOHN TIMOTHY EBERT,                                                                   PLAINTIFF

v.                                                                                  NO. 5:20-cv-68-BJB

ANTHEM HEALTH PLANS OF KENTUCKY, INC.,                                  DEFENDANT

* * * * *

**MEMORANDUM OPINION & ORDER**

John Ebert sought reimbursement for his prescription drug, Diphenoxylate Atropine, from Anthem Health Plans of Kentucky, his Medicare Part D insurer. DN 13-2 at 6. Ebert obtained the drug through a Patient Assistance Program, which significantly reduced the price of the drug: he faced a $200 administrative fee, some of which Anthem apparently paid. Notice of Order of Dismissal (Feb. 5, 2020) (DN 13-3) at 5. Ebert then asked Anthem to reimburse the full cost of the drug, but Anthem refused. DN 13-2 at 6. On November 28, 2018 Ebert sought review of the reimbursement denial from the Office of Medicare Hearings and Appeals. *Id*. The Administrative Law Judge ruled that Ebert's purchase of the drug through a Patient Assistance Program precluded reimbursement. *Id*. at 10.

Ebert appealed to the Medicare Appeals Council, which seemed to conclude that the Patient Assistance Program already covered the cost of the drug, while Anthem paid its portion of a $200 administrative fee necessary for Ebert to obtain the drug through the Program. Notice of Order of Dismissal at 9 ($200 administrative fee "is no longer in dispute and has been paid for by [Anthem]"). So in the Council's view, at least, the amount at issue was at most $47 that had not been reimbursed, which fell well below the judicial review threshold of $160. *Id*. at 8–10 (citing 82 Fed. Reg. 45592 (Sept. 29, 2017)). According to the Council, the amount in dispute was only $47: "the $200 administrative fee initially charged, minus the $153.00 payment that the appellant states that he received from the Plan for this charge." DN 13-3 at 9. The Council dismissed the case on this basis, but indicated that Ebert could seek review in a district court. *See id*. at 2. The Council's order explained that a "complaint seeking judicial review should name the Secretary of Health and Human Services as the defendant," and noted that the "the United States Attorney" and the "Secretary must be served." *Id*. at 3 (citing 42 C.F.R. § 405.1136(d)(1), 45 C.F.R. § 4.1 and FED. R. CIV. P. 4(c), (i)).

So Ebert filed a *pro se* complaint in this Court seeking reimbursement from Anthem. DN 1. In his second amended complaint, filed in June of 2020, he named

1

Anthem and the Department of Health and Human Services Medicare Appeals Council as defendants. DN 5 at 2. Ebert claims that he has an exemption from the Patient Assistant Program and is entitled to reimbursement of at least $3889.60. *Id.* at 8. He intensely resists the Council's position that he seeks only repayment of the administrative fee:

> "For the ZILLIONTH time stated in both my briefs, I am not seeking $200.00! I am seeking $176.80/month from and including September 2018 up to the present reimbursement from Anthem BC/BS. The prescription costs $200.00; my co-pay is $23.20. Also, for the ZILLIONTH time, I am NOT seeking reimbursement of an administrative fee. I am seeking reimbursement for the cost of the monthly prescription from RX Outreach."

Response to Motion to Dismiss (DN 17) at 5. The way in which he calculates his $3889.60 demand is not entirely clear.[1]

On this basis, Ebert moved for summary judgment (DN 14) while Anthem moved to dismiss (DN 13). Echoing the Appeals Council, Anthem maintains that at most the amount in controversy is $200, so judicial review is unavailable. Motion to Dismiss (DN 13-1) at 7. Anthem also argues that it is not a proper defendant and should be dismissed. *Id.* at 6–7. The Court agrees that Anthem is not a proper party and dismisses the case without prejudice.

Disputes over some Medicare benefits can be appealed to a federal district court. *See* 42 U.S.C. § 1395w-22 (g)(5); 42 U.S.C. § 405(g). Several regulations govern review in this court. *See* 42 C.F.R. § 405.1136. Those regulations state that in any civil action brought in federal court "the Secretary of HHS, in his or her official capacity, is the proper defendant." 42 C.F.R. § 405.1136(d)(1); *see also Logan v. Sebelius*, No. 1:12-cv-118, 2012 WL 4429090, at *3 (D. Or. Aug. 6, 2012), report and recommendation adopted, 2012 WL 4427704 (D. Or. Sept. 24, 2012) (the Secretary is the only defendant who should be sued). Even though the insurer (here, Anthem) is the opposing party during administrative review proceedings at the agency level, once

---

[1] Ebert's brief (DN 9) at page 6 suggests he seeks reimbursement not of his co-pay responsibility, but of the amount Anthem paid on his behalf:

> "Error #2: I am not suing Anthem BC/BS for $200 monthly. My monthly prescription costs $200.00, my co-pay is $23.20. Anthem BC/BS is responsible for reimbursing me for the difference, $176.80. My co-pay is 11.6% times $200.001 which equals $23.20. Thus, if you add the 4 months in 2018 the 12 months in 2019 and the 6 months thus far in 2020, the total amount is 22 x $176.80, which equals $3,889.60."

a dispute like this goes to court, the Secretary of HHS is the party responsible for defending the agency's decision below.

But Ebert did not sue the Secretary of HHS. Instead, he sued Anthem and the Department. Amended Complaint at 2. Anthem is certainly not a proper party and must be dismissed. *See Woodfill v. Sebelius*, No. 3:11-cv-2236, 2012 WL 4863218, at *2 (N.D. Ohio Oct. 12, 2012) (because Humana was not a proper defendant, it "should be permitted to withdraw," although suit against HHS Secretary could be addressed on the merits); *Madsen v. Kaiser Found. Health Plan, Inc.*, No. 08-cv-2236, 2009 WL 1537878, at *4 (S.D. Cal. June 2, 2009) (granting motion to dismiss because Kaiser was not a proper defendant).

Nor is the Department itself, rather than the Secretary in his or her "official capacity," a proper defendant. *See Thaxton v. Medicare Appeals Council*, No. 3-14-1265, 2015 WL 1731213, at *1 (M.D. Tenn. Apr. 14, 2015) (informing *pro se* plaintiff that the Secretary, not the insurer or Department, was the proper defendant). Ebert's response is to assail the regulatory scheme requiring beneficiaries to sue the Secretary, rather than the insurer or agency, as nonsensical traps for the unwary. *See* DN 17 at 13–17. Perhaps he is right; maybe Congress could've designed a simpler and better system for patients challenging Medicare benefits decisions. But this is the system created by our laws, and judges quite rightly lack the authority to amend that system during litigation.

And in any event, neither the Department, the Secretary, nor the U.S. Attorney have been served—even though the second amended complaint was filed in June of 2020. *See* 42 C.F.R. § 405.1136(d)(1); 45 C.F.R. § 4.1; FED. R. CIV. P. 4(i). This is far outside of the 90-day requirement set by Federal Rule of Civil Procedure 4(m). *See Thaxton*, 2015 WL 1731213, at *2 (dismissing a similar case without prejudice for failing to serve the proper defendant). And Ebert has not moved for an extension.

So the Court will grant Anthem's motion to dismiss (DN 13) without prejudice and deny Ebert's motion for summary judgment (DN 14) as moot given that he may not obtain summary judgment from defendants not properly before the Court.

Benjamin Beaton, District Judge
United States District Court

February 18, 2022

3